UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X   Docket No.:
ARTHUR JENKINS,

                                                          **COMPLAINT**

                          Plaintiff,

           -against-                                **PLAINTIFF DEMANDS A TRIAL BY JURY**

AVALONBAY COMMUNITIES, INC., AND JOHN OR JANE
DOE,

                                  Defendants.
---------------------------------------------------------------------------X

      Plaintiff, ARTHUR JENKINS, by his attorney, JESSICA MASSIMI, hereby complains of the DEFENDANTS, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§2601, *et seq.* (FMLA), and the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL").

2. Plaintiff seeks damages to redress the injuries he has suffered as a result of being (1) discriminated and retaliated against by his employer on the basis of his FMLA leave; and (2) discriminated against by his employer on the basis of his disability and need for a reasonable accommodation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 29 U.S.C. § 2617 and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. §§ 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b), as the acts complained of occurred in that district.

## PROCEDURAL PREREQUISITES

6. Plaintiff filed a charge of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC"), on January 11, 2022.

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated June 27, 2022, with respect to the herein charges of discrimination.

8. This action is commenced within 90 days of receipt of said Right to Sue.

## PARTIES

9. At all times material, DEFENDANT AVALONBAY COMMUNITIES, INC. ("AVALON") was and is a foreign business corporation authorized to do business in the state of New York with its office located at 4040 Wilson Boulevard, Suite 1000, Arlington, VA, and 80 North Centre Avenue, Rockville Centre, NY 11570.

10. PLAINTIFF worked for AVALON as a porter and maintenance worker at its apartment complex located was 100 Banks Avenue, Rockville Centre, NY 11570.

11. At all times material, DEFENDANT AVALON had and had more than 15 employees.

12. DEFENDANT JOHN OR JANE DOE is the individual employed by AVALON who terminated JENKINS' employment or made the decision to terminate his employment.

## MATERIAL FACTS

13. In or around November 5, 2018, JENKINS began working for AVALON as a porter and maintenance worker.

14. At the time AVALON hired JENKINS, they were paying JENKINS approximately $16.50 per hour for about 40 hours of work per week.

15. At the time AVALON terminated JENKINS' employment, they were paying JENKINS approximately $22.00 per hour for 40 hours of work per week. At the time of his termination, JENKINS was earning a yearly salary of approximately $45,760.00.

16. On November 14, 2020, JENKINS was in a car accident which caused severe back and neck injuries.

17. JENKINS worked, however, from November 14, 2020 to March 23, 2021.

18. On or about March 18, 2021, JENKINS informed his supervisor Carlos Gamboa that he would need to take a medically required leave of absence from work to have spine surgery.

19. On March 22, 2021, JENKINS notified his employer in writing that he would need to take time off from work to have surgery.

20. On March 23, 2021, JENKINS was medically required to take an absence from work because he was required to have neck surgery on March 24, 2021.

21. On May 18, 2021, JENKINS provided a letter to AVALON from his doctor, stating that, due to the spinal injuries JENKINS sustained in the car accident on November 14, 2021, he underwent an anterior cervical discectomy C5-C6 fusion surgery on March 24, 2021. The letter further stated that due to JENKINS' spinal surgery, he was temporarily totally disabled from gainful employment until after further evaluation, which was to be on June 18, 2021.

22. JENKINS went out of Family and Medical Leave ("FMLA") due to his injuries and surgery.

23. On June 7, 2021, Amanda Johnson from AVALON emailed JENKINS asking him to provide a reasonable accommodation form from his doctor in order for AVALON to consider extending JENKINS' leave as an accommodation past June 19, 2021.

24. On June 19, 2021, JENKINS provided the required information – another doctor's note – to AVALON by emailing it to Amanda Johnson.

25. On June 21, 2021, Amanda Johnson emailed JENKINS and stated "Thank you for the additional information. I've extended your leave through 9/17/21. Steven Hannon with Matrix will be in touch if additional information is required. Take care."

26. On September 17, 2021, JENKINS provided AVALON with a letter from his doctor clearing JENKINS to return to work full duty with no restrictions as of September 17, 2021, "with cervical and lumbar spine precautions."

27. On September 20, 2021, JENKINS again contacted AVALON, emailing AVALON informing them that he was ready to return to work.

28. On September 21, 2021, Amanda Johnson, Senior Benefits Analyst from AVALON, emailed JENKINS and told him that "Lauren or Khalilah will reach out to speak with you regarding your employment status."

29. On September 23, 2021, Amanda Johnson of AVALON called JENKINS and informed JENKINS that the DEFENDANTS had terminated his employment because AVALON had filled his spot.

30. Upon information and belief, AVALON filled JENKINS' spot on August 24, 2021 before his leave had even expired.

31. Thus, AVALON subjected JENKINS to retaliation in the form of adverse employment actions due to his disability and use of FMLA leave.

32. DEFENDANTS' termination of JENKINS constitutes discrimination on the basis of his disability and retaliation for FMLA leave.

33. At no point did DEFENDANTS attempt to engage with JENKINS in any interactive process or to discuss in any way JENKINS' return to work, or any possible accommodations regarding

his disability after they informed him that his job would remain available until September 17, 2022.

34. Instead, DEFENDANTS told JENKINS that his leave would be extended until September 17th and they then filled his position on or about August 24th without telling him.

35. Upon information and belief, JENKINS' performance was above average during the course of his employment with DEFENDANTS.

36. Upon information and belief, DEFENDANTS terminated JENKINS' employment solely because of his actual or perceived disability.

37. Thus, in addition to discrimination against JENKINS, DEFENDANTS also subjected JENKINS to illegal and ongoing retaliation involving all of the above-described conduct up to and including his termination.

38. PLAINTIFF felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory and retaliatory termination.

39. But for the fact that JENKINS' disability, DEFENDANTS would not have treated JENKINS differently and would not have terminated his employment.

40. JENKINS has been unlawfully discriminated and retaliated against, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

41. DEFENDANTS' actions and conduct were intentional and intended to harm JENKINS.

42. As a result of the acts and conduct complained of herein, JENKINS has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and JENKINS has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendant)

43. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

44. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

45. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

46. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability.

47. As such, Plaintiff has been damaged as set forth herein.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
### FOR VIOLATION OF FMLA
(Against all Defendants)

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if fully set forth herein.

49. Section 2612(D) of the FMLA, states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of a serious health

6

condition that makes the employee unable to perform the functions of the position of such employee."

50. Section 2615(a) of the Family Medical Leave Act, states in pertinent part:

> Interference with rights. (1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

51. Defendants interfered with JENKINS' protected status under the FMLA, by filling his position, and by terminating his employment because of his leave.

52. As a result of the acts and conduct complained of herein, Plaintiff suffered and will continue to suffer damages including but not limited to economic and pecuniary losses (past and future) – such as income, salary, benefits, bonuses, commission and other compensation that his employment entailed; severe emotional, psychological and physical stress, distress, anxiety, pain and suffering; and other non-pecuniary losses and special damages.

53. Accordingly, as a result of Defendants' unlawful conduct, Plaintiff has been damaged as set forth herein and is entitled to the maximum compensation available to him under this law.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW
### (Against all Defendants)

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . disability . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

7

56. Defendants violated the section cited herein as set forth.

57. Plaintiff is entitled to the maximum amount allowed under this statute.

**AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
<u>UNDER NEW YORK STATE EXECUTIVE LAW</u>
<u>(Not Against Corporate Defendant).</u>**

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. <u>New York State Executive Law</u> § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

60. Defendants John or Jane Doe violated this statute as set forth above.

61. Plaintiff is entitled to the maximum amount allowed under this statute.

**<u>JURY DEMAND</u>**

62. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the <u>Americans with Disabilities Act of 1990</u>, 42 U.S.C. § 12101, *et seq.* ("ADA"), the <u>Family and Medical Leave Act</u>, 29 U.S.C. §§2601, *et seq.* (FMLA), and the <u>New York State Human Rights Law</u>, New York State Executive Law § 296, *et seq.* ("NYSHRL");

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, retaliation, and conduct and to otherwise make her whole for any losses suffered because of such unlawful employment practices and conduct;

C. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
August 22, 2022

JESSICA MASSIMI

By: *Jessica Massimi*
99 Wall Street, Suite 1264
New York, NY 10005
jessica.massimi@gmail.com
646-241-9800